NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEOVANNI RUBIO-BLANCO, AKA Geovanni Rubio Blanco, AKA Deovanni E. Blanco-Rubio, AKA Carlos Lopez, AKA Geovanni Rubio, AKA Geovanni Geovanni Eulises Blanco Rubio, | No. 15-70687 |
| | Agency No. A074-116-516 |
| Petitioner, | MEMORANDUM* |
| v. | |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Judge

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Geovanni Rubio-Blanco, a native and citizen of El Salvador, petitions pro se

for review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture in El

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Salvador and thus is not entitled to relief from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

We reject Rubio-Blanco's contention that he is eligible for asylum. *See* 8 C.F.R. § 1208.31(g)(2)(i).

Substantial evidence supports the IJ's conclusion that Rubio-Blanco failed to demonstrate a reasonable possibility of future persecution in El Salvador on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the IJ's conclusion that Rubio-Blanco failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to El Salvador. *See Andrade-Garcia*, 828 F.3d at 836-37.

We reject as unsupported Rubio-Blanco's vague claim that the IJ violated his right to due process.

**PETITION FOR REVIEW DENIED.**

15-70687